## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| SADIG ABDELMAGID, | **)** | |
| | **)** | |
| Plaintiff, | **)** | |
| | **)** | |
| v. | **)** | Case No. 24-cv-366 |
| | **)** | |
| GREENLIGHT DISPENSARY, et al., | **)** | |
| | **)** | |
| Defendants. | **)** | |

## GL RESOURCES, LLC'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(f) AND 16(f)

Defendant GL Resources, LLC ("GL Resources") respectfully submits its Motion to Strike Plaintiff Sadig Abdelmagid's ("Plaintiff") Amended Complaint [Dkt. No. 48]. In support thereof, GL Resources states:

## INTRODUCTION

Pursuant to Federal Rules of Civil Procedure (hereinafter, "Fed. R. Civ. P.") 12(f) and 16(f), Plaintiff's Amended Complaint should be stricken because it is untimely and futile. As ordered by this Court, Plaintiff was required to effectuate proper service of process on GL Resources by March 28, 2025. [Dkt. No. 40]. Plaintiff failed to do so even though the Court thoroughly explained how service could be effectuated under Fed. R. Civ. P. 4. [*Id.*]. In response to Plaintiff's improper attempt at service, GL Resources filed its second Motion to Dismiss and Quash Service on April 8, 2025. [Dkt. No. 42-43]. Plaintiff did not oppose that Motion.

However, in an apparent attempt to shield his lawsuit from being rightfully dismissed, Plaintiff filed an Amended Complaint that (i) abandons all claims against GL Resources; (ii) adds GL Partners, Inc. ("GL Partners") as a new defendant; and, (iii) adds previously dismissed individual, John Mueller ("Mueller"), as a defendant. But, Plaintiff did not amend his Complaint as a matter of right pursuant to Fed. R. Civ. P. 15(a) and therefore was required to obtain GL

1

Resources' written consent or leave from the Court, which he did not do. Plaintiff also ignored the Court's Scheduling Order deadlines when he filed this June 19, 2025 Amended Complaint. Accordingly, Plaintiff's Amended Complaint should be stricken because it is untimely.

Even if Plaintiff had properly amended his Complaint pursuant to Fed. R. Civ. P. 15(a) and the Court's Scheduling Order, which he did not, Plaintiff's Amended Complaint should still be stricken as futile. As Plaintiff knows, individual defendants cannot be held liable under Title VII of the Civil Rights Act of 1964 ("Title VII"). [*See* Dkt. No. 40]. Yet, he again names Mueller, a previously dismissed party, as an individual defendant in his Amended Complaint. Plaintiff also fails to set forth any facts to support his Title VII and Section 1981 claims against either Mueller and/or GL Partners.

For the reasons set forth herein, Plaintiff's Amended Complaint should be stricken as untimely and futile, and this lawsuit should be dismissed with prejudice. GL Resources further requests the Court award its reasonable attorneys' fees and costs incurred in preparing this motion as a result of Plaintiff's noncompliance with the Court's Scheduling Order and the procedural rules, and for any other additional relief that the Court deems just and proper.

**FACTUAL BACKGROUND**

1.      On May 28, 2024, Plaintiff filed the present action with this Court, alleging discrimination and retaliation claims under Title VII and 42 U.S.C. § 1981 ("Section 1981") against, in relevant part, "Greenlight Dispensary" and Mueller.

2.      On July 17, 2024, GL Resources (Plaintiff's actual employer) and Mueller filed their Motion to Dismiss and/or Quash Service pursuant to Fed. R. Civ. P. 12(b)(1) and (5)-(6). [Dkt. No. 6-7].

3.      On February 21, 2025, the Court granted Mueller's Fed. R. Civ. P. 12(b)(6) Motion

to Dismiss and further granted GL Resources' Motion to Quash Service. [Dkt. No. 40]. Plaintiff was ordered to effect proper service on GL Resources by March 28, 2025. [*Id.*].

4.      Based on Plaintiff's failure to effectuate proper service as ordered by the Court, on April 8, 2025, GL Resources filed its Motion to Dismiss and Motion to Quash Service. [Dkt. Nos. 42-43]. Plaintiff did not oppose or in any way respond to GL Resources' April 8, 2025 Motion to Dismiss and Motion to Quash Service.

5.      Instead, on April 22, 2025, Plaintiff filed a Motion to Deem Service Valid or, in the Alternative, for Leave to Amend Complaint to Add GL Partners, Inc. and to Lift Discovery Stay (hereinafter, "April 22, 2025 Motion"). [Dkt. No. 44]. Plaintiff did not attach a proposed Amended Complaint as required by the rules. GL Resources opposed Plaintiff's April 22, 2025 Motion, explaining that Plaintiff did not serve GL Resources' registered agent or anyone appointed to accept service of process on its behalf. [Dkt. No. 45, p. 2]. Plaintiff chose not to file a reply in support of his April 22, 2025 Motion.

6.      On May 20, 2025, Plaintiff filed a Motion for Leave to Amend Complaint to Add GL Partners, Inc. as a Defendant and for Limited Jurisdictional Discovery (hereinafter, "May 20, 2025 Motion"). [Dkt. No. 46]. Plaintiff, again, did not attach a proposed Amended Complaint as required by the rules. GL Resources opposed Plaintiff's May 20, 2025 Motion, explaining once more that Plaintiff's apparent attempt to cure his service defects by adding an entirely new and separate legal entity as a defendant is improper. [Dkt. No. 47]. Plaintiff chose not to file a reply in support of his May 20, 2025 Motion.

7.      Pursuant to the Court's Scheduling Order, the parties had the opportunity to add additional parties by May 15, 2025 and amend the pleadings by June 14, 2025. [Dkt. No. 39].

8.     On June 19, 2025—after the Scheduling Order deadlines and without first obtaining leave from the Court or GL Resources' consent—Plaintiff filed his Amended Complaint. Therein, he asserted claims under Title VII and Section 1981 against GL Partners and Mueller. [Dkt. No. 48]. Plaintiff did not name GL Resources, Inc., his actual employer, as a defendant.

9.     As of the date of this filing, neither GL Partners nor Mueller have been served process of the Amended Complaint.

## ARGUMENT AND ANALYSIS

### I.     Legal Standard.

Pursuant to Fed. R. Civ. P. 12(f) and 16(f), courts possess broad authority to strike amended complaints and award other just relief, including attorneys' fees and costs, for conduct akin to that exhibited by Plaintiff in this matter.

Specifically, Fed. R. Civ. P. 12(f) authorizes courts to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter" upon a motion by the opposing party or on its own accord. Courts in the Eighth Circuit have struck amended complaints in their entirety when the amended complaint fails to comply with Fed. R. Civ. P. 15, which governs when pleadings can be amended. *See, e.g.*, *Lundahl v. Gross*, No. 5:18-CV-05090-LLP, 2020 WL 927650 (D.S.D. Feb. 26, 2020), *aff'd* 857 F. App'x 883 (8th Cir. 2021).

Fed. R. Civ. P. 16(f) further states "the court may issue any just orders" if a party "fails to obey a scheduling or other pretrial order." In so doing, the court can order a party "to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule." *See* Fed. R. Civ. P. 16(f)(2).

### II.     Plaintiff's Amended Complaint Should Be Stricken Because It Is Untimely.

Plaintiff did not amend his Complaint as a matter of right pursuant to Fed. R. Civ. P. 15(a)

and therefore was required to obtain GL Resources' written consent or leave from the Court, which he failed to do. Plaintiff also ignored the Court's Scheduling Order deadlines when he filed this Amended Complaint on June 19, 2025. For these reasons, Plaintiff's Amended Complaint should be stricken as untimely.

Fed. R. Civ. P. 15(a) establishes when a party may amend their pleadings as a matter of right. Per the Rule, a party may amend once as a matter of course no later than:

(A) 21 days after serving it; or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (c), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a). If these deadlines have passed, as is the case here, "a party may amend its pleadings *only* with the opposing party's written consent or the court's leave." *See id.* (emphasis added). Even then, "[P]laintiffs do not have an absolute or automatic right to amend." *See U.S. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005).

When Plaintiff filed his Amended Complaint on June 19, 2025, neither GL Resources nor the Court had consented to Plaintiff's request to amend his Complaint. And, as thoroughly briefed in GL Resources' oppositions to Plaintiff's April 22, 2025 Motion [Dkt. No. 44] and May 20, 2025 Motion [Dkt. No. 46], Plaintiff did not submit a proposed Amended Complaint with either of these motions, further warranting denial of Plaintiff's requests to amend his Complaint. *Gier v. Missouri Ethics Comm'n*, 715 F.3d 674, 678 n.4 (8th Cir. 2013); *Kar v. Safeco Insurance Co. of America*, 2023 WL 4706008 at *5 (E.D. Mo. July 24, 2023) ("district courts do not abuse their discretion in denying leave to amend where the plaintiff did not submit a proposed amended complaint and merely asked for leave to amend"); *Minneapolis Firefighters' Relief Ass'n v. MEMC Electronic Materials, Inc.*, 641 F.3d 1023, 1030 (8th Cir. 2011) (same holding as *Kar* v. *Safeco*).

Plaintiff's Amended Complaint further ignores and violates the Court's Scheduling Order, which establishes that parties must be added by May 15, 2025 and amendments to the pleadings must be made by June 14, 2025. [Dkt. No. 39]. Ignoring these deadlines, Plaintiff chose to file his Amended Complaint on June 19, 2025, asserting claims under Title VII and Section 1981 against GL Partners, an entity that did not employ Plaintiff and which has never been served process as a defendant, and Mueller, an individual who this Court previously dismissed [Dkt. No. 40].

Thus, Plaintiff's Amended Complaint, filed without the Court's permission, without GL Resources' consent, and outside of the deadlines set by the Scheduling Order, should be stricken.

## II.     Plaintiff's Amended Complaint Should Be Stricken Based On Futility.

Even if Plaintiff had properly sought and obtained leave from the Court or received consent from GL Resources, which he did not, his Amended Complaint must still be stricken as futile.

Courts may deny a motion to amend if the proposed amendments are futile. *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009) ("Futility is a valid basis for denying leave to amend."). "An amendment is futile if the amended [pleading] could not withstand a motion to dismiss pursuant to Rule 12, Fed. R. Civ. P." *Alexander v. AllianceOne Receivables Management, Inc.*, 309 F.Supp.3d 709, 710 (W.D. Mo. 2015) (internal citations omitted). It is well settled that "[d]uplicative and frivolous claims are futile." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013). And, "[k]nowingly filing a complaint contrary to settled law constitutes bad faith, and denial is warranted." *Dunbar v. Wells Fargo Bank, N.A.*, 853 F. Supp. 2d 839, 845 (D. Minn. 2012), *aff'd*, 709 F.3d 1254 (8th Cir. 2013).

Here, because Plaintiff fails to state a claim under Title VII or Section 1981 against GL Partners and Mueller, his Amended Complaint is futile. "A pleading that states claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 120 S.Ct. 1937, 1949 (2009) (holding that dismissal under Fed. R. Civ. P. 12(b)(6) is warranted when a complaint contains no more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]"). Plaintiff must provide "more than labels and conclusions" and cannot simply rely on a formulaic recitation of the elements to state a claim for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

It is clear that Mueller cannot be held liable under Title VII because he is an individual defendant. *See Ajiwoju v. Cottrell*, 2005 WL 1026702, No. 04-0715-CV-W-FJG, at *1 (W.D. Mo. 2005) (granting FRCP 12(b)(6) motion to dismiss on Title VII claims asserted against individual defendants); *Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997). The Court previously explained this to Plaintiff in its February 21, 2025 Order, where it dismissed all Title VII claims against the individual defendants, including Mueller. [Dkt. No. 40, p. 10]. And, notably, Plaintiff acknowledged that he could not pursue his Title VII claims against any individual defendants. [Dkt. No. 10, p. 2, 12; *see also* Dkt. No. 13, p. 2]. Despite this, Plaintiff again seeks to hold Mueller, an individual defendant, liable under Title VII. Given Plaintiff's duplicative, vexatious, and bad-faith filings, which he acknowledges are without merit, it is appropriate to grant GL Resources' Motion to Strike and to award any additional relief, including but not limited to attorneys' fees and costs incurred in preparing the instant motion.

Plaintiff also provides no factual allegations to support his Title VII and Section 1981 claims against both GL Partners[1] and Mueller. Instead, Plaintiff generally alleges he was "subjected to discriminatory actions based upon his race, religion, and national origin by Defendants." [Dkt. No. 48 at ¶ 7]. Other than this "unadorned, the-defendant-unlawfully-harmed-

---

[1] Plaintiff also failed to exhaust his administrative remedies against GL Partners for his Title VII claims, further warranting dismissal if permitted to proceed with filing his Amended Complaint.

7

me accusation[s]," Plaintiff includes no facts, which, if taken as true, state a claim for relief. *Ashcroft*, 129 S. Ct. at 1949. For this reason as well, Plaintiff's Amended Complaint should be stricken because it is futile.

## CONCLUSION

For the foregoing reasons, GL Resources respectfully requests this Court strike Plaintiff's Amended Complaint, dismiss this action with prejudice, and award any additional relief that the Court deems just and proper, including but not limited to awarding GL Resources its attorneys' fees and costs for preparing this motion in response to Plaintiff's duplicative and vexatious filings.

Respectfully Submitted,

*/s/ Michaeli M. Hennessy*

Julianne P. Story       MO Bar No. 42295
Michaeli M. Hennessy    MO Bar No. 72841
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: 816-983-8000
Facsimile: 816-983-8080
Julianne.story@huschblackwell.com
Michaeli.hennessy@huschblackwell.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that on the 3rd of July 2025, the original of the above and foregoing was

filed via the Court's ECF filing system and a copy of the same in PDF forward was served via U.S.

Mail and electronic mail to:

Sadig Abdelmagid
604 NE 71 Street
Kansas City, Missouri 64118
Sadigh2313@gmail.com

**Plaintiff Pro Se**

/s/ Michaeli M. Hennessy
**Attorney for Defendants**